# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Marlena Barton

## DEFENDANTS

Walmart, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff     Clark County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Benton County, AR
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Panish Shea Ravipudi LLP, 300 S. Fourth St., Ste. 710
Las Vegas, NV 89101  877/800-1700

Attorneys *(If Known)*

Evans Fears Schuttert McNulty Mickus, 6720 Via Austi
Parkway, Ste. 300, Las Vegas, NV 89119 702/805-0290

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                 *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [x] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1441 and 1446

Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     [x] Yes     [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 1/24/25 | /s/ Jay Schuttert |

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Jay J. Schuttert, Esq. (SBN 8656)
Brody R. Wight, Esq. (SBN 13615)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
jschuttert@efsmmlaw.com
bwight@efsmmlaw.com
*Attorneys for Defendants, Walmart, Inc.,*
*Sunbeam Products, Inc., Newell Brands.,*
*Inc., Newell Brands Distribution LLC*

# UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEVADA

| | |
|---|---|
| MARLENA BARTON, an individual, | **Case No.** |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** |
| vs. | |
| WALMART, INC., SUNBEAM PRODUCTS, INC., NEWELL BRANDS, INC., NEWELL BRANDS DISTRIBUTION LLC., and DOES 1-100, inclusive. | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Walmart, Inc.; Sunbeam Products, Inc.; Newell Brands, Inc.; and Newell Brands Distribution LLC, by and through their attorneys, hereby submits this Notice of Removal from the Eighth Judicial District Court, State of Nevada, in which the above captioned matter is now pending, to the United States District Court for the District of Nevada.  In support of said Notice, Defendants state as follows:

### Procedural History

1.      Plaintiff filed her Complaint in the Eighth Judicial District Court, State of Nevada, on or about December 20, 2024, alleging third degree burns to her right breast.

2.      Defendants Sunbeam Products, Inc., Newell Brands, Inc., and Newell Brands Distribution, LLC., were served on January 3, 2025.

3.     Defendant Walmart, Inc., was served on January 3, 2024.

4.     A copy of pleadings filed in State Court to date are attached hereto as **Exhibit A**.

**The Parties Are Diverse**

5.     Plaintiff's Complaint alleges residence in Los Angeles County, State of California.

6.     Defendant Sunbeam Products, Inc., is incorporated under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia, and thus is a citizen of Delaware and Georgia.

7.     Defendant Newell Brands, Inc., is incorporated under the laws of the state of Delaware, with its principal place of business in Atlanta, Georgia, and thus is a citizen of Delaware and Georgia.

8.     Defendant Newell Brands Distribution, LLC's sole member is Defendant Newell Brands, Inc., which is a citizen of Delaware and Georgia. Newell Brands Distribution, LLC is, therefore, a citizen of Delaware and Georgia.

9.     Defendant Walmart, Inc., is incorporated under the laws of state of Delaware, with its principal place of business in Bentonville, Arkansas, and thus is a citizen of Delaware and Arkansas.

10.     Based on the foregoing, full diversity exists between the parties.

**Jurisdiction**

11.     This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. § 1332 in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12.     Plaintiff's Complaint brings counts of Strict Liability and Negligence, for which she claims medical expenses have "*already exceeded $250,000 and continue to increase.*" (Plaintiff's Complaint, ¶59).  Plaintiff further alleges punitive damages.  Based on the above, it is Defendant's understanding and belief that the amount in controversy exceeds $75,000, exclusive of interests and costs.

/ / /

/ / /

- 2 -

**Basis for Removal**

13.    This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

14.    For the reasons set forth above, the amount in controversy exceeds $75,000, exclusive of interests and costs. This notice of removal is filed within 30 days of receiving notice that the Complaint had been filed.

15.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorney of record, and is being filed with the Clerk of the Clark County Circuit Court Clerk's Office.

WHEREFORE, Defendant files this Notice of Removal so that the entire state court action under Case A-24-908623-C now pending in the Clark County Circuit Court, State of Nevada, be removed to this Court for all further proceedings.

Dated: January 24, 2025.

**EVANS FEARS SCHUTTERT MCNULTY MICKUS**

*/s/ Jay Schuttert*
Jay J. Schuttert, Esq. (SBN 8656)
Brody R. Wight, Esq. (SBN 13615)
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
jschuttert@efsmmlaw.com
bwight@efsmmlaw.com
*Attorneys for Defendants Walmart, Inc.,*
*Sunbeam Products, Inc., Newell Brands., Inc.,*
*Newell Brands Distribution LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** was served on counsel of record this 24th day of January, 2025 using the Court's CM/ECF System.

/s/    *Danue High*

An Employee of Evans Fears & Schuttert LLP

- 4 -

# EXHIBIT A

Electronically Issued
12/20/2024 5:40 PM

**SUMM**
ADAM SHEA, (*PHV to be filed*)
  *shea@panish.law*
RAHUL RAVIPUDI, Nevada Bar No. 14750
  *ravipudi@panish.law*
COLIN CAVANAUGH, Nevada Bar No. 13842
*ccavanaugh@panish.law*
RYAN A. CASEY, Nevada Bar No. 16211
  *rcasey@panish.law*
PANISH SHEA RAVIPUDI LLP
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 877.800.1700
Facsimile: 702.975.2515

THOMAS S. ALCH, Nevada Bar No. 6876
*thomas.alch@shooplaw.com*
DAVID R. SHOOP (PHV to be filed)
  *david.shoop@shooplaw.com*
SHOOP | A PROFESSIONAL LAW
CORPORATION
9701 Wilshire Boulevard, Suite 950
Beverly Hills, California 90212
Telephone: 310.620.9533
Facsimile: 310.620.6330

Attorneys for Plaintiff, Marlena Barton

CASE NO: A-24-908639-C
Department 3

### EIGHT JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| MARLENA BARTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; WALMART INC.; and DOES 1-100, inclusive,<br><br>Defendants. | **Case No.:**<br>**Dept No.:**<br><br>**SUMMONS** |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS Rule 12(a)(1)(A)(1). READ THE INFORMATION BELOW.**

### SUNBEAM PRODUCTS, INC.

Case Number: A-24-908639-C

A civil complaint has been filed by the Plaintiff against you for the relief set forth in the complaint.

1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:

(a) File with the Clerk of the court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the court with the appropriate filing fee.

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiffs and failure to so respond will result in a judgment of default against you for the relief demanded in the complaint, which could result in the taking of money or property or other relief requested in the complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

5.    This action is brought to recover judgment as described in complaint.

STEVEN D. GRIERSON
CLERK OF COURT

Patricia Wiley                                                     12/23/2024

Respectfully submitted by:

**PANISH SHEA RAVIPUDI LLP**
By: */s/ Ryan A. Casey*
RYAN A. CASEY, Nevada Bar No. 16211
Attorney for Plaintiff

2

Electronically Filed
12/20/2024 5:40 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
ADAM SHEA, (*PHV to be filed*)
 *shea@panish.law*
RAHUL RAVIPUDI, Nevada Bar No. 14750
 *ravipudi@panish.law*
COLIN CAVANAUGH, Nevada Bar No. 13842
 *ccavanaugh@panish.law*
RYAN A. CASEY, Nevada Bar No. 16211
 *rcasey@panish.law*
PANISH SHEA RAVIPUDI LLP
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 877.800.1700
Facsimile: 702.975.2515


THOMAS S. ALCH, Nevada Bar No. 6876
*thomas.alch@shooplaw.com*
DAVID R. SHOOP (PHV to be filed)
 *david.shoop@shooplaw.com*
SHOOP | A PROFESSIONAL LAW
CORPORATION
9701 Wilshire Boulevard, Suite 950
Beverly Hills, California 90212
Telephone: 310.620.9533
Facsimile: 310.620.6330

Attorneys for Plaintiff, Marlena Barton

CASE NO: A-24-908639-C

Department 3

**EIGHT JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MARLENA BARTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; WALMART INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br>Dept No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **STRICT PRODUCTS LIABILITY**<br>2. **NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Arbitration Exemption: Damages in excess of $50,000** |

Plaintiff, MARLENA BARTON, hereby complains and alleges, by and through her undersigned counsel, causes of action against Defendants, and each of them, as follows:

**THE PARTIES**

1. At all times herein mentioned, Plaintiff, MARLENA BARTON (hereinafter also referred to as "Ms. Barton"" or "Plaintiff"), was and is citizen and resident of the State of California, County of Los Angeles and intends to remain in California. Plaintiff does not intend to reside in, live in or otherwise domicile in any other state but the State of California.

2. At all times herein mentioned Defendant, SUNBEAM PRODUCTS, INC., was and is a duly organized corporation incorporated in Delaware. SUNBEAM PRODUCTS, INC. ("SUNBEAM") has its principal place of business in Atlanta, Georgia, and was and is authorized to conduct, and was and is conducting, business in Nevada.

3. At all times herein mentioned Defendant, NEWELL BRANDS INC., was and is a duly organized corporation incorporated in Delaware. NEWELL BRANDS INC. (also referred to as "NEWELL") has its principal place of business in Atlanta, Georgia, and was and is authorized to conduct, and was and is conducting, business in Nevada.

4. At all times herein mentioned Defendant, NEWELL BRANDS DISTRIBUTION LLC (also referred to as "NEWELL DISTRIBUTION"), was and is a duly organized corporation incorporated in Delaware. NEWELL BRANDS DISTRIBUTION LLC has its principal place of business in Atlanta, Georgia, and was and is authorized to conduct, and was and is conducting, business in Nevada.

5. At all times herein mentioned Defendant, WALMART INC., was and is a duly organized corporation incorporated in Delaware. WALMART INC. (also referred to as "WALMART") has its principal place of business in Bentonville, Arkansas, and was and is authorized to conduct, and was and is conducting, business in Nevada.

6. Plaintiff is ignorant of the true names, identities or capacities, whether individual, associate,

2

corporate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Plaintiffs as herein alleged. Plaintiff will ask leave of Court to amend the Complaint to insert their true names, identities, or capacities, together with proper charging allegations, when ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of such agency and employment and with the permission and consent of, and their actions were ratified by, the other defendants. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were legally and proximately caused by those defendants.

8. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC; WALMART INC.; and DOES 1 through 100, inclusive, (collectively referred to as "DEFENDANTS" or "Defendants") were and now are engaged in the business of researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain heating pads, including but not limited to the subject Sunbeam Electric Heating Pad, model CAT 94R ("Subject Heating Pad") that was being used by Plaintiff MARLENA BARTON and caused severe and permanent burn injuries to Ms. Barton.

/ / /

/ / /

3

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this matter because all Defendants conduct business in, or purposely avail themselves of the State of Nevada, Clark County, and sold the Subject Heating to in Clark, County Nevada.

10. Venue is proper in the County of Clark, Nevada, as the acts, omissions and injuries occurred in Las Vegas, Clark County, Nevada.

**FACTUAL INTRODUCTION**

11. On or about March 26, 2023, in Las Vegas, Nevada, Plaintiff MARLENA BARTON was using the Subject Heating Pad in the manner intended, instructed and reasonably foreseeable by the Defendants. Plaintiff MARLENA BARTON had placed the heating pad on her right torso. The Heating Pad catastrophically failed and malfunctioned, causing severe, permanent, and disfiguring injuries, including but not limited to severe, third-degree burn injuries to Ms. Barton's right breast area. As a result of her third degree burn injuries, MARLENA BARTON has undergone multiple hospitalizations and reconstructive surgeries. On information and belief, MARLENA BARTON's medical expenses to date exceed $250,000.00. She will require future medical care as well.

12. Prior to Plaintiff's injuries, Defendants had long been aware that their heating pads reached temperatures of 150°F and greater. In fact, Defendants deigned the Subject Heating Pad, and all of their heating pads, to reach temperatures of 150°F and greater.

13. Prior to Plaintiff's injuries, Defendants had been notified of at least two-hundred and eighty-two (282) burn by users of Defendants' heating pads that were exemplars of the Subject Heating Pad.

14. Prior to Plaintiff's injuries, Defendants had also long been aware that their heating pads could cause severe and permanent third degree burns once the heating pad reached a temperature of 109°F. Defendants knew that the United States Food and Drug Administration ("FDA") limited heating pad temperatures to 109°F. With knowledge of the probable harmful consequences of designing, manufacturing, not properly warning users, marketing, distributing and selling the

4

Subject Heating Pad, Defendants acted despicably and with a conscious disregard for the safety of others, by willfully and deliberately failing to avoid the consequences of severe and permanent burn injuries.

15. Defendants acted despicably and with a conscious disregard for the safety of others by willfully and deliberately failing to warn of the high temperatures reached by Subject Heating Pad which were far in excess of FDA regulations, despite knowing of the probable harmful consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

16. Defendants acted despicably and with a conscious disregard for the safety of others by willfully and deliberately continuing to market and sell such heating pads, which were far in excess of FDA regulations, despite knowing of the probable harmful consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

**FIRST CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY**

**(By Plaintiff, MARLENA BARTON, as Against Defendants, SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; WALMART INC.; and DOES 1-100, inclusive)**

17. Plaintiff refers to all preceding paragraphs, inclusive, and incorporate them as if set forth in full in this cause of action.

18. Defendants, and each of them, knew and intended that the Subject Heating Pad would be used without inspection for defects therein or in any of its component parts and without knowledge of the hazards involved in such use.

19. At all times herein mentioned, Defendants, and each of them, were engaged in the business of, amongst other things, researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing

instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to, the subject Heating Pad, and, as such, are strictly liable in tort for the defects and deficiencies herein discussed which caused injury to Plaintiff as alleged herein.

20. Prior to Plaintiff's injuries, Defendants had also long been aware that their heating pads could cause severe and permanent third degree burns once the heating pad reached a temperature of 109°F. Defendants knew that the United States Food and Drug Administration ("FDA") limited heating pad temperatures to 109°F. With knowledge of the probable harmful consequences of designing, manufacturing, not properly warning users, marketing, distributing and selling the Subject Heating Pad, Defendants acted despicably and with a conscious disregard for the safety of others, by willfully and deliberately failing to avoid the consequences of severe and permanent burn injuries.

21. Defendants acted despicably and with a conscious disregard for the safety of others by willfully and deliberately failing to warn of the high temperatures reached by Subject Heating Pad which were far in excess of FDA regulations, despite knowing of the probable harmful consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

22. Defendants acted despicably and with a conscious disregard for the safety of others by willfully and deliberately continuing to market and sell such heating pads, which were far in excess of FDA regulations, despite knowing of the probable harmful consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

23. At all times herein mentioned, the Subject Heating Pad was defective and unreasonably dangerous, both in manufacture and in design, as a result of overheating, causing burn injuries, and failing to automatically shut off as advertised, thereby rendering the Subject Heating Pad unsafe for its intended use and that defects were a cause of injury to Plaintiff herein.

24. The Subject Heating pad was unreasonably dangerous in that the Subject Heating Pad failed to perform in the manner reasonably to be expected in light of its nature and intended function and

6

was more dangerous than would be contemplated by the ordinary user having the ordinary knowledge available in the community.

25. The Subject Heating Pad was and is unsafe for its intended purpose in that it failed unexpectedly, catastrophically and without warning when used as instructed by Defendants, and each of them, or when used in a manner reasonably foreseeable to Defendants, and each of them thereby causing serious and permanent injuries such as those suffered by Plaintiff, MARLENA BARTON, herein.  The defect existed in the subject Heating Pad at the time it left the possession of the Defendants, and each of them.  Said Subject Heating Pad did, in fact, cause personal injuries, including those suffered by Plaintiff, MARLENA BARTON, herein while being used in a reasonably foreseeable manner, thereby rendering the same defective, unsafe, and dangerous for use.

26. At all times mentioned herein, the Subject Heating Pad failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or the risk of danger inherent in their design outweighed the benefits of said Subject Heating Pad.

27. At all times mentioned herein, the foreseeable use of the Subject Heating Pad involved a substantial danger not readily recognizable to an ordinary user, consumer, or bystander, including Plaintiff, MARLENA BARTON, herein, but which danger was known to Defendants, and each of them who failed to adequately warn of the substantial danger.  Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

28. At all times mentioned herein, the Subject Heating Pad was defective in manufacture in that it malfunctioned unexpectedly and, as a result of the unexpected malfunction, the Subject Heating Pad was unreasonably dangerous.

29. At the time of the incident complained of, the Subject Heating Pad was in substantially the same condition as it was when they left possession of Defendants, and each of them.  Defendants

acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

30. At the times and places mentioned herein, Defendants, and each of them, knew at the time the Subject Heating Pad left their possession, that said product was defective in design and manufacture, that they did not meet users' and ordinary consumers' reasonable expectations for safety when used in a reasonably foreseeable manner, and were dangerous, defective, unfit and unsafe for their intended use and that said conditions were likely to fail catastrophically as described at length hereinabove, when used in a reasonably foreseeable manner, and not properly and adequately tested or inspected.  Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

31.     The Subject Heating Pad had associated deficits, risks and defects, including but not limited to, defective design, defective manufacture, lack of sufficient warnings and/or use instructions, and those additional items enumerated within this Complaint.

32.     These associated deficits, risks and defects were known by Defendants, and each of them, via the use and employ of scientific knowledge available at the time of design, manufacture, testing, warning and distribution of the Subject Heating Pad. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

33.     The Subject Heating Pad presented substantial dangers to users and consumers of the products that ordinary users and consumers would not have recognized or otherwise have

anticipated these associated risks. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

34. Defendants, and each of them, further failed to warn of the potential risks and hazards associated with the Subject Heating Pad when used in a way that was reasonably foreseeable to Defendants, and each of them. Any warnings provided were inadequate, defective and inappropriate. This lack of sufficient use instructions and/or warnings was a substantial factor in causing injuries and damage to Plaintiff, as herein alleged. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

35. At the times and places mentioned herein, Defendants, and each of them, knew or at the time the Subject Heating Pad left said Defendants' possession, that the Subject Heating Pad was defective in its warnings, design and manufacture, likely to perform unsafely in a manner unanticipated by a prudent user, and having such knowledge, Defendants, and each of them, should have used reasonable care to warn, or give adequate use instructions and warning of the Subject Heating Pad's defects and deficits in design, manufacture and operational characteristics to those intending to use said subject Heating Pad in the manner in which it was intended to be used.

36. At all times and places mentioned herein, Defendants, each of them, failed to use reasonable care to warn, give adequate use instruction or warning to provide facts describing the Subject Heating Pad dangerous propensities to those whom they could expect to use the product or be endangered by its probable use, and such deficits and defects as illustrated hereinabove were a substantial factor in causing injury and harm to Plaintiff, MARLENA BARTON.

37. Prior to, on, and after the date of Plaintiff MARLENA BARTON'S injuries, and at all relevant times, Defendants, and each of them, became aware of the defects of the Subject Heating

9

Pad, including but not limited to the probable harm and risk to users of the Subject Heating Pad overheating and causing burn injuries to users.

38. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, MARLENA BARTON was severely injured as described herein described and suffered severe and permanent physical and emotional injuries including, but not limited to, severe and permanent third degree burns.

39. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, MARLENA BARTON, has suffered permanent injuries to her person, body and health, all to her general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

40. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, MARLENA BARTON, has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment. On information and belief, it is alleged that said expenses already exceed $250,000.00, and continue to increase.

41. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, MARLENA BARTON, will be required to and will seek additional future medical care and assistance for treatment of her injuries and will thereby incur additional medical and other related expenses for care of his injuries.

42. As a direct and proximate cause of the defects contained within the Subject Heating Pad, as set forth above, Plaintiff, MARLENA BARTON, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, severe burns and injuries, emotional distress, pain, discomfort, and anxiety. The exact nature and extent of said injuries are not yet known to the Plaintiff. Plaintiff is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

43. Prior to the occurrence of this accident, Plaintiff, MARLENA BARTON, was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges that as a direct and proximate cause of the defects contained within the Subject Heating Pad, as set

forth above, Plaintiff, MARLENA BARTON will be permanently incapacitated to some extent and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will show the total amount of her lost earnings and loss of earning capacity at the time of trial.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

**(By Plaintiff, MARLENA BARTON, as Against Defendants, SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; WALMART INC.; and DOES 1-100, inclusive)**

44.    Plaintiff refers to all preceding paragraphs, inclusive, and incorporates them as if set forth in full in this cause of action.

45.    At all times herein mentioned, Defendants, SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; WALMART INC.; and DOES 1-100, inclusive (collectively referred to as "DEFENDANTS" or "Defendants") were and now are engaged in the business of researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to the Subject Heating Pad that injured Plaintiff, MARLENA BARTON.

46.    Defendants, and each of them, had a duty to exercise due care researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting

11

post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to the Subject Heating Pad that injured Plaintiff MARLENA BARTON, and Defendants, and each of them, breached said duty of due care. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

47. At all times herein mentioned, Defendants, and each of them, negligently and carelessly researched, designed, manufactured, fabricated, modified, tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged, warned, failed to warn, provided warnings, provided instructions for use, conducted post-sale monitoring, failed to conduct post-sale recalls, failed to provide post-sale warnings, and advertised certain Subject Heating Pad, including the subject Heating Pad that injured Plaintiff MARLENA BARTON, which failed and caused personal injuries to users, consumers, workers, bystanders, and others, including Plaintiff, MARLENA BARTON herein while being used in a manner that was intended, instructed and reasonably foreseeable, thereby rendering the Subject Heating Pad unsafe and dangerous for their intended uses. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

48. Defendants, and each of them, knew, or in the exercise of due care should have known, that the failure to exercise due care in researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing

12

warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to the Subject Heating Pad that injured Plaintiff MARLENA BARTON, would cause, or would foreseeably result in, harm to intended and foreseeable users and bystanders including Plaintiff herein. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

49.    Specifically, and without limitation, Defendants, and each of them, were negligent in the researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings, and advertising certain Subject Heating Pad, including but not limited to the Subject Heating Pad that injured Plaintiff MARLENA BARTON, in that they failed to ensure that the Heating Pad would not overheat, thereby posing a risk of injury and so to actually cause injury as complained of herein. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

50.    A manufacturer, seller and/or distributor of a product is under a duty to exercise reasonable care in its design of a product so that it can be safely used as intended by the buyer and/or consumer. This duty extends to all persons within the range or zone of potential danger.

51.    At all times and places mentioned herein, Defendants, and each of them, owed a duty to Plaintiff, MARLENA BARTON, to exercise reasonable care in their design and manufacture of the Subject Heating Pad so that the Subject Heating Pad could be safely used as intended.

Defendants, and each of them, were engaged in the business of researching, designing, manufacturing, fabricating, modifying, testing, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, warning, providing warnings, providing instructions for use, conducting post-sale monitoring, conducting post-sale recalls, providing post-sale warnings and advertising heating pads, including but not limited to the Subject Heating Pad, and otherwise placing into the stream of commerce, for sale and use by members of the general public, and as such, Defendants, and each of them, owed a duty to the general public and to Plaintiff, MARLENA BARTON, to produce, design, manufacture, assemble, distribute, sell and otherwise place into the stream of commerce products, including the Subject Heating Pad, that was and is safe for its intended and foreseeable use, and free from defects.

52.     At all times mentioned herein, Defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, testing, inspecting, warning, distributing, promoting, selling, and otherwise placing in the stream of commerce, for use to members of the general public certain products, including the Subject Heating Pad, which was sold with knowledge that same would be purchased and used without inspection for defect.

53.     At all times and places mentioned herein, Defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, testing, inspecting, warning, distributing, promoting, selling, and otherwise placing in the stream of commerce, for use to members of the general public certain products, including the Subject Heating Pad, and as such defendants, and each of them, owed the general public and to Plaintiff, MARLENA BARTON, a duty to design, manufacture, market, distribute, promote and otherwise place into the stream of commerce products that are safe in their intended and foreseeable use.

54.     At all times and places mentioned herein, Defendants, and each of them, negligently researched, designed, manufactured, fabricated, modified, tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, re-branded, manufactured for others, packaged,

14

warned, failed to warn, provided warnings, provided instructions for use, conducted post-sale monitoring, failed to conduct post-sale recalls, failed to provide post-sale warnings, and advertised certain heating pads, including but not limited to the Subject Heating Pad, that was being used by Plaintiff and causing her injuries, as described at length, hereinabove. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

55.    Defendants, and each of them, breached their duty to the public and to Plaintiff, MARLENA BARTON, by negligently failing to research, design, manufacture, fabricate, modify, test, label, assemble, distribute, lease, purchase, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market, warrant, re-brand, manufacture for others, package, warn, fail to warn, provide warnings, provide instructions for use, conduct post-sale monitoring, failing to conduct post-sale recalls, failing to provide post-sale warnings, and advertise certain heating pads, including but not limited to the Subject Heating Pad, so as to avoid its unsafe and hazardous operational characteristics and safety defects, amongst others. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

56.    Prior to the date of MARLENA BARTON'S injuries, and at all relevant times, Defendants, and each of them, became aware of the defects of the Subject Heating Pad, including but not limited to the risks of overheating and causing severe burn injuries, rashes or irritation associated with using the defective Subject Heating Pad to users and consumers who used the products in an intended or reasonably foreseeable manner. Defendants acted despicably with a conscious disregard for the safety of others by willfully and deliberately continuing to sell and distribute and failing to properly warn of the dangers of their Subject Heating Pad, despite knowing of the

15

probable consequences to users, including Plaintiff, of suffering severe and permanent third-degree burn injuries.

57.    As a direct and proximate cause of the negligence of Defendants, and each of them, as set forth above, Plaintiff, MARLENA BARTON, was severely injured as described herein described and suffered severe and permanent physical and emotional injuries including, but not limited to, severe burns.

58.    As a direct and proximate cause of the aforesaid conduct of Defendants, and each of them, as set forth above, Plaintiff, MARLENA BARTON, has suffered permanent injuries to her person, body and health, all to her general damage in an amount in excess of the minimum jurisdictional limits of the above-entitled court.

59.    As a direct and proximate cause of the aforesaid conduct Defendants, and each of them, as set forth above, Plaintiff, MARLENA BARTON, has incurred liability for physicians, surgeons, nurses, hospital care, medicine, hospices, X-rays and other medical treatment.  On information and belief, it is alleged that said expenses already exceed $250,000.00, and continue to increase.

60.    As a further direct and proximate cause of the negligence of Defendants, and each of them, as set forth above, Plaintiff, MARLENA BARTON, will be required to and will seek additional future medical care and assistance for treatment of her injuries and will thereby incur additional medical and other related expenses for care of her injuries.

61.    As a further direct and proximate cause of the negligence of Defendants, and each of them, Plaintiff, MARLENA BARTON, was rendered sick, sore, lame, disabled, and disordered, both internally and externally and suffered, among other things, severe burns, emotional distress, pain, discomfort, and anxiety.  The exact nature and extent of said injuries are not yet known to the Plaintiff.  Plaintiff is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

62.    Prior to the occurrence of this accident, Plaintiff, MARLENA BARTON, was an able-bodied individual, but since said accident Plaintiff is informed and believes, and thereon alleges, that as a further direct and proximate cause of the negligence of Defendants, and each of them,

16

Plaintiff, MARLENA BARTON, will be permanently incapacitated to some extent and unable to perform certain types of work activities, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will show the total amount of her lost earnings and loss of earning capacity at the time of trial.

**Wherefore,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.  For general damages in an amount within the jurisdictional limits of this court;

2.  Past, future medical and related items of expense, according to proof;

3.  For loss of future earnings and earning capacity, according to proof;

4.  For prejudgment interest;

5.  For punitive damages;

6.  For costs of suit and attorney fees, if awarded by the court, incurred herein; and

7.  For such other and further relief as to the Court appears just and proper.

DATED: December 20, 2024

Adam Shea (PHV to be filed)
Rahul Ravipudi
Colin Cavanaugh
Ryan Casey
PANISH SHEA RAVIPUDI LLP

Thomas S. Alch
David R. Shoop (PHV to be filed)
SHOOP | A PROFESSIONAL LAW CORPORATION

Attorneys for Plaintiff, Marlena Barton

17

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims so triable.

DATED:  December 20,2024

_____
Adam Shea (PHV to be filed)
Rahul Ravipudi
Colin Cavanaugh
Ryan Casey
PANISH SHEA RAVIPUDI LLP

Thomas S. Alch
David R. Shoop (PHV to be filed)
SHOOP | A PROFESSIONAL LAW
CORPORATION

Attorneys for Plaintiff, Marlena Barton

18

Electronically Filed
12/20/2024 5:40 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
ADAM SHEA, (*PHV to be filed*)
 *shea@panish.law*
RAHUL RAVIPUDI, Nevada Bar No. 14750
 *ravipudi@panish.law*
COLIN CAVANAUGH, Nevada Bar No. 13842
*ccavanaugh@panish.law*
RYAN A. CASEY, Nevada Bar No. 16211
 *rcasey@panish.law*
PANISH SHEA RAVIPUDI LLP
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 877.800.1700
Facsimile: 702.975.2515

THOMAS S. ALCH, Nevada Bar No. 6876
*thomas.alch@shooplaw.com*
DAVID R. SHOOP (*PHV to be filed*)
 *david.shoop@shooplaw.com*
SHOOP | A PROFESSIONAL LAW CORPORATION
9701 Wilshire Boulevard, Suite 950
Beverly Hills, California 90212
Telephone: 310.620.9533
Facsimile: 310.620.6330

Attorneys for Plaintiff, Marlena Barton

CASE NO: A-24-908639-C
Department 3

### EIGHT JUDICIAL DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| MARLENA BARTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; WALMART INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br>Dept No.:<br><br><br>**INITIAL APPEARANCE FEE DISCLOSURE PURSUANT TO<br>NRS CHAPTER 19** |

/ / /

/ / /

/ / /

/ / /

Pursuant to Nevada Revised Statute Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

MARLENA BARTON                                    $270.00

TOTAL REMITTED                                    **$270.00**

**DATED:** December 20, 2024.

**PANISH SHEA RAVIPUDI LLP**

By: _____
    Adam Shea (PHV to be filed)
    Rahul Ravipudi
    Colin Cavanaugh
    Ryan Casey
    PANISH SHEA RAVIPUDI LLP

    Thomas S. Alch
    David R. Shoop (PHV to be filed)
    SHOOP | A PROFESSIONAL LAW
    CORPORATION
    Attorney for Plaintiff

PANISH | SHEA | RAVIPUDI LLP

2

**Electronically Filed**
**1/3/2025 1:27 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

### AFFIDAVIT OF SERVICE

### EIGHT JUDICIAL DISTRICT COURT
### CLARK COUNTY, NEVADA

MARLENA BARTON, an individual

Plaintiff(s)

v.

SUNBEAM PRODUCTS, INC., et al.

Defendant(s)

Case No.:A-24-908639-C
Ryan A Casey,Esq  035083
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Blvd 700
Los Angeles, CA 90025
(310) 477-1700
*Attorneys for the Plaintiff*

Client File# 24121750241; Barton v Sunbeam;S&C s

I, Daniel LaMotte, being sworn, states: That I am a licensed process server registered in Nevada.  I received a copy of the Summons; Complaint; District Court Civil Cover Sheet from PANISH | SHEA | RAVIPUDI LLP

That on 1/2/2025 at 12:10 PM at 701 S Carson St Ste 200, Carson City, NV 89701-5239 I served WALMART INC. with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with CT Corporation System, Registered Agent, by Serving Ana Gomes, Authorized Agent.

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 36-40, Height: Seated, Weight: 161-180 Lbs, Hair: Brown, Eyes:Blue

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made.  I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/2/2025

Daniel LaMotte
Registered Work Card# R-2020-01425
State of Nevada

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999
Nevada Lic # 1656



Control #:LA598973
Reference: 24121750241; Barton v Sunbeam;S&C s

Electronically Filed
1/16/2025 2:27 PM
Steven D. Grierson
CLERK OF THE COURT

**AFFIDAVIT OF SERVICE**

**EIGHTH JUDICIAL DISTRICT COURT FOR THE STATE OF NEVADA
CLARK COUNTY, STATE OF NEVADA**

Marlena Barton, an individual

Plaintiff(s)

v.

Sunbeam Products, Inc., et al.

Defendant(s)

Case No.:A-24-908639-C
Adam K.Shea.Esq  166800
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Blvd 700
Los Angeles, CA 90025
(310) 477-1700
*Attorneys for the Plaintiff*

Client File# 24121750241

I, Thomas Newton, being sworn, states: That I am a licensed process server registered in Delaware. I received a copy of the Summons; Complaint; District Court Civil Cover Sheet from PANISH | SHEA | RAVIPUDI LLP

That on 1/3/2025 at 2:29 PM at 251 Little Falls Dr, Wilmington, DE 19808-1674 I served NEWELL BRANDS DISTRIBUTION LLC with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with Corporation Service Company, Registered Agent, by placing document in a designated CSC basket- in the presence of "Jane Doe" (refused to provide name) -Authorized Agent..

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 50, Height: 5'6", Weight: 175 Lbs, Hair: Brown, Eyes:Brown

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made. I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/10/2025

Thomas Newton
State of Delaware

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999
Nevada Lic # 1656



Control #:LA598962A
Reference: 24121750241

**Electronically Filed
1/16/2025 2:27 PM
Steven D. Grierson
CLERK OF THE COURT**

## AFFIDAVIT OF SERVICE

**EIGHTH JUDICIAL DISTRICT COURT FOR THE STATE OF NEVADA
CLARK COUNTY, STATE OF NEVADA**

Marlena Barton, an Individual

Plaintiff(s)

v.

Sunbeam Products, Inc., et al.

Defendant(s)

Case No.:A-24-908639-C
Adam K.Shea.Esq  166800
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Blvd 700
Los Angeles, CA 90025
(310) 477-1700
*Attorneys for the Plaintiff*

Client File# 24121750241

I, Thomas Newton, being sworn, states: That I am a licensed process server registered in Delaware. I received a copy of the Summons; Complaint; District Court Civil Cover Sheet from PANISH | SHEA | RAVIPUDI LLP

That on 1/3/2025 at 2:29 PM at 251 Little Falls Dr, Wilmington, DE 19808-1674 I served NEWELL BRANDS INC. with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with Corporation Service Company, Registered Agent, by placing document in a designated CSC basket- in the presence of "Jane Doe" (refused to provide name) -Authorized Agent.

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 50, Height: 5'6", Weight: 175 Lbs, Hair: Brown, Eyes:Brown

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made. I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/10/2025

Thomas Newton
State of Delaware

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999
Nevada Lic # 1656



Control #:LA598962
Reference: 24121750241

**Electronically Filed**
**1/16/2025 2:27 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

**AFFIDAVIT OF SERVICE**

**EIGHTH JUDICIAL DISTRICT COURT FOR THE STATE OF NEVADA**
**CLARK COUNTY, STATE OF NEVADA**

Marlena Barton, an individual

                    Plaintiff(s)

                         v.

Sunbeam Products, Inc., et al.

                    Defendant(s)

Case No.:A-24-908639-C
Adam K.Shea.Esq  166800
PANISH | SHEA | RAVIPUDI LLP
11111 Santa Monica Blvd 700
Los Angeles, CA 90025
(310) 477-1700
*Attorneys for the Plaintiff*

Client File# 24121750241

I, Thomas Newton, being sworn, states: That I am a licensed process server registered in Delaware.  I received a copy of the Summons; Complaint; District Court Civil Cover Sheet from PANISH | SHEA | RAVIPUDI LLP

That on 1/3/2025 at 2:29 PM at 251 Little Falls Dr, Wilmington, DE 19808-1674 I served SUNBEAM PRODUCTS, INC. with the above-listed documents by personally delivering a true and correct copy of the documents by leaving with Corporation Service Company, Registered Agent, by placing document in a designated CSC basket- in the presence of "Jane Doe" (refused to provide name) -Authorized Agent..

That the description of the person actually served is as follows:
Gender: Female, Race: Caucasian, Age: 50, Height: 5'6", Weight: 175 lbs, Hair: Brown, Eyes:Brown

I being duly sworn, states: that all times herein, Affiant was and is over 18 years of age, not a party to or interested in the proceedings in which this Affidavit is made.  I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/10/2025

Thomas Newton
State of Delaware

(No Notary Per NRS 53.045)

Service Provided for:
Nationwide Legal, LLC
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999
Nevada Lic # 1656

Control #:LA598962B
Reference: 24121750241