ADAM SHEA, (*Pro Hac Vice*)
 shea@panish.law
RAHUL RAVIPUDI, Nevada Bar No. 14750
 ravipudi@panish.law
COLIN CAVANAUGH, Nevada Bar No. 13842
 ccavanaugh@panish.law
RYAN A. CASEY, Nevada Bar No. 16211
 rcasey@panish.law
PANISH SHEA RAVIPUDI LLP
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 877.800.1700
Facsimile: 702.975.2515

THOMAS S. ALCH, Nevada Bar No. 6876
 thomas.alch@shooplaw.com
DAVID R. SHOOP (Pro Hac Vice)
 david.shoop@shooplaw.com
SHOOP | A PROFESSIONAL LAW CORPORATION
9701 Wilshire Boulevard, Suite 950
Beverly Hills, California 90212
Telephone: 310.620.9533
Facsimile: 310.620.6330

Attorneys for Plaintiff, Marlena Barton

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARLENA BARTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; WALMART INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:25-CV-00156-CDS-MDC<br><br>Honorable Cristina D. Silva<br>Magistrate Judge Maximiliano D. Couvillier, III<br><br>**JOINT STIPULATION TO EXTEND SCHEDULING ORDER DATES and PROPOSED ORDER**<br><br>**(First Request)** |

Plaintiff, MARLENA BARTON ("Plaintiff"), and Defendants, WALMART INC.; NEWELL BRANDS INC.; NEWELL BRANDS DISTRIBUTION LLC; WALMART INC. ("Defendants") hereby stipulate to, and request, a sixty (60) extension of the deadlines

1

currently set forth in the February March 6, 2025, Joint Discovery Plan and Scheduling Order. (Dkt. No. 19.)  This is first request for an extension of deadlines. In support of the Stipulation, the Parties state that Good Cause exists as follows:

    1. Plaintiff filed her complaint for personal injuries on December 20, 2024. (Dkt. No. 1.) Defendants removed this matter to the United States District Court for the District of Nevada on January 24, 2025, and filed their answers to the complaint on January 31, 2025. (Dkt. Nos. 1, 7 & 8.)

    2. On February March 6, 2025, the Court issued a Discovery Plan and Scheduling Order containing the following deadlines:

Close of Discovery ................................................................................................ 10/24/2025

Final date to file motions to amend pleadings or add parties ............................. 7/28/2025

Final dates expert disclosures .............................................................................. 08/25/2025

Final dates for Rebuttal expert disclosures ......................................................... 09/24/2025

Final date to file dispositive motions .................................................................. 11/24/2025

Pretrial Orders: ..................................................................................................... 12/29/2025

**STATEMENT OF DISCOVERY THAT HAS BEEN COMPLETED:**

Each of the parties has provided initial 26a disclosures, and Plaintiff has provided a supplemental 26a disclosure.  Defendants have deposed Plaintiff, Marlena Barton.  Plaintiff served 46 separate Requests for Production on each of the four defendants.  Each of the Defendants have provided responses and documents. The Defendants conducted an inspection and testing of the subject heating pad that is alleged to have caused Ms. Barton's burn injuries. The Defendants served Requests for Production, Requests for Admissions and Interrogatories on Plaintiff.  Plaintiff has provided responses and documents to all of Defendants' discovery requests. Plaintiff provided signed HIPAA authorizations to the Defendants.

///

Walmart issued subpoenas to three of Ms. Barton's medical providers several months ago but has only been successful in obtaining Ms. Barton's medical records from a single provider in. Plaintiff served four separate 30(b)(6) deposition notices on Sunbeam, and four separate 30(b)(6) deposition notices on Walmart. However, as stated below, the parties agreed to postpone the depositions and attempt to resolve the case through mediation first and conduct the depositions if the mediation was not successful.

**STATEMENT OF DISCOVERY TO BE COMPLETED**

Plaintiff will take the depositions of Defendants' 30(b)(6) witnesses that were noticed in May, 2025. These are necessary for Plaintiff's experts to prepare their reports. Plaintiff will obtain updated records from Ms. Barton's treating physicians, including her plastic surgeon. Upon obtaining the updated records, Plaintiff will likely depose treating plastic surgeons, John Williams, MD and Shay Dean, MD. Plaintiff will serve additional Requests for Production, and after Defendant's 30(b)(6) witnesses are deposed, Plaintiff will likely serve additional written discovery requests in the form of Requests for Admissions, Interrogatories and Requests for Production.

Defendants will continue to seek Ms. Barton's medical records from her previously disclosed providers, which may require them to file motions to compel due to the unresponsiveness of the providers. In her deposition, Ms. Barton also testified of two additional medical providers that were not previously disclosed, her oncologist (Ms. Barton testified she frequently discussed her burns with that specialist) and the California hospital where Ms. Barton received skin graft surgery. Defendants need to seek HIPPA authorizations for those providers and issue subpoenas for those records. Additionally, Defendants will need to take the depositions of the medical providers once they obtain the complete medical records.

///

Since Ms. Barton testified in her deposition that the heating pad at issue belonged to her daughter, Defendants also need to depose the daughter regarding the purchase and care of the heating pad.

**REASONS WHY DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMITS SET FORTH BY THE DISCOVERY PLAN AND SCHEDULING ORDER**

This case involves allegations of third degree burn injuries suffered by Ms. Barton from Defendants' heating pad, resulting in Ms. Barton undergoing multiple surgeries and hospitalizations. The Parties have been working diligently on discovery and potential case resolution. In an attempt to litigate this case efficiently and conserve time and money, the parties agreed to complete the above-referenced discovery, and then go to mediation. As part of that agreement, the eight 30(b)(6) depositions that were noticed by Plaintiff in May 2025, were postponed with the plan to take the depositions if the case did not settle at mediation.

The parties attended a mediation on August 5, 2025, before the Honorable Elizabeth Gonzalez (Ret.) of Advanced Resolution Management. The case did not settle, and, accordingly, there is further discovery to be conducted. However, counsel for Sunbeam and Newell has indicated that their noticed 30(b)(6) witnesses will not be available for deposition on September 10 and 11, 2025. Further, counsel for Walmart has not yet been able to provide dates for its noticed 30(b)(6) witnesses. These depositions are necessary for Plaintiff's experts to prepare their reports and disclosures, which requires an extension of the expert witness disclosure.

Additionally, Defendants have been working diligently to obtain Ms. Barton's medical records but have been unable to obtain the records due mainly to the lack of cooperation from the medical providers. The Memorial Hospital of Gardena has represented several times that it will provide the relevant records but has yet to comply. Lakewood Regional Medical Center has incorrectly represented that the only records it has for Ms. Barton are reproductive records that require additional authorizations. Defendants have had multiple conversations with the provider

but have been unable to resolve the issue. Defendants also only recently discovered the existence of two more medical providers during Ms. Barton's deposition, one of which performed Ms. Barton's skin-graft surgery. Defendants are working diligently to obtain the records for those providers. It is crucial for Defendants to obtain these records prior to the expert witness disclosure deadline.

The parties also have good cause for submitting this stipulation within 21 days of the expert disclosure deadline. The parties only discovered that it was impossible for Ms. Barton's counsel to take the Defendants' depositions within the expert disclosure deadline on August 8, 2025 due to the attempts to mediate the action. The parties are submitting this stipulation as soon as practical given the recent discovery.

**PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

So that the Parties can complete their discovery, investigation and trial preparation, and in turn, litigate this case in an efficient and timely manner, the Parties jointly request a sixty (60) day extension of the dates set forth in the February 26, 2025 Scheduling Order.

Accordingly, it is hereby agreed, stipulated, and requested by and between the Parties that the Court extend the Scheduling Order deadlines as follows:

///

///

///

///

///

///

///

///

Close of Discovery ……………………………………………………………… 12/23/2025

Final Date for Expert Disclosures ……………………………………………..10/24/2025

Final Date for Rebuttal Expert Disclosures …………………………………11/25/2025

Final Date to File Dispositive Motions ………………………… ………….1/29/2026

Pretrial Orders……………………………………………………………..2/27/2026

DATED: August 12, 2025

| SHOOP A PROFESSIONAL LAW CORP. | EVANS FEARS SCHUTTERT MCNULTY MICKUS |
|---|---|
| /s/ Thomas S. Alch<br>David R. Shoop, Esq. (Pro Hac Vice)<br>Thomas S. Alch, Esq.<br><br>Adam Shea (Pro Hac Vice)<br>Rahul Ravipudi, Esq.<br>Colin Cavanaugh, Esq.<br>Ryan Casey, Esq.<br>PANISH SHEA RAVIPUDI LLP<br><br>*Attorneys for Plaintiff, MARLENA BARTON* | /s/ Brody Wight<br>Jay J. Schuttert, Esq.<br>Brody R. Wight, Esq.<br><br>*Attorneys for Defendants, Walmart Inc., Sunbeam Products, Inc., Newell Brands, Inc., and Newell Brands Distribution LLC* |
| **MOFFETT, SIMS, GAUTHIER & WILLOUGHBY** | **CLYDE & CO US LLP** |
| /s/ Brent Moffett<br>Brent S. Moffett, Esq. (Pro Hac Vice)<br><br>*Attorneys for Defendants, Sunbeam Products, Inc., Newell Brands, Inc., and Newell Brands* | /s/ Chrstopher Carlsen<br>Sean E. Cortney, Esq.<br>Christopher Carlsen (Pro Hac Vice)<br><br>*Attorneys for Defendants, Sunbeam Products, Inc., Newell Brands, Inc., and Newell Brands* |

**GOOD CAUSE EXISTING, IT IS SO ORDERED:**

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

DATED: August 13, 2025

6
JOINT STIPULATION TO EXTEND SCHEDULING ORDER DATES and PROPOSED ORDER