**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Marlena Barton,
                              Plaintiff,

v.

Sunbeam Products, Inc., *et al.*,
                              Defendants.

Case No. 2:25-cv-00156-CDS-MDC

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 57)**

The Court has reviewed plaintiff's *Motion for Reconsideration* (ECF No. 57) of the Court's 02/13/2026 Order (ECF No. 56) granting defendant Walmart Inc's ("Walmart") *Motion to Extend* the dispositive motion deadline ("Extend Motion") (ECF No. 50). Pursuant to LR 59-1(a), Plaintiff requests for the Court to vacate its 02/13/2026 Order (ECF No. 56) *nunc pro tunc* and strike defendant Walmart's *Motion for Summary Judgment* (ECF No. 55). *ECF No. 57*. Defendants oppose the Motion. *ECF No. 62*. The Court **DENIES** the Motion for the reasons below.

"Motions for reconsideration are disfavored."  LR 59-1(b). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." LR 59-1(a).

The Court granted Walmart's Extend Motion for cause shown and pursuant to LR 7-2(d) because plaintiff did not oppose the motion. *See* 02/13/2026 Order (ECF No. 56). LR 7-2(d) provides in relevant part that "failure to file points and authorities in response to a motion… constitutes consent to the granting of the motion." *Id.*

1

Plaintiff fails to establish any grounds for reconsideration under LR 59-1(a). She does not show or argue that: (1) there is newly discovered evidence; (2) the Court committed clear error; or (3) there was an intervening change in controlling law. Plaintiff seems to suggest that the result of the 02/13/2026 Order was unjust because defendants obtained the advantage of filing their summary judgment two weeks after plaintiff filed hers. *See ECF No. 57.* Plaintiff, however, fails to expressly assert manifest injustice and state her arguments with particularity and supporting authorities, as required by LR 59-1(a). *See also U.S. Commodity Futures Trading Comm'n v. Banc de Binary, Ltd.,* No. 2:13-CV-992-MMD-VCF, 2015 WL 556441, at *4 (D. Nev. February 11, 2015) ("Given our adversary system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (*citing Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir.1996)).

Instead, plaintiff argues that she did not oppose Walmart's Extend Motion because she believed it was mooted when Walmart filed a joinder (ECF No. 54) to the *Motion for Summary Judgment* (ECF No. 53) by defendants Newell Brands Distribution LLC, Newell Brands Inc., and Sunbeam Products, Inc. *ECF No. 57.* Plaintiff, however, did not raise such arguments in response to Walmart's motion for extension and failure to do so are not grounds for reconsideration. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted) (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Moreover, plaintiff provides no authorities to support: (i) that Walmart's motion was mooted[1]; or (ii) her belief that the motion was mooted eliminated her obligation to respond to the motion or exempted her from the consequences of LR 7-2(d); and (iii) that either of these circumstances are

---

[1] Joining another's motion does not necessarily preclude a party from filing its own separate and independent motion. *See e.g.*, *Cooksie v. Pac., Gas & Elec. Co.,* No. 2:12-CV-1445 LKK AC, 2013 WL 3872829, at *1 (E.D. Cal. July 25, 2013) ("Defendant Pacific, Gas and Electric Company…. has filed both a joinder to IBEW's motion… and a separate, similar motion….").

grounds for reconsideration. Again, reconsideration motions, like all other motions, must be supported by legal authorities. *See* LR 7-2(d), LR 59-1(a).

ACCORDINGLY,

**IT IS ORDERED** that: plaintiff's *Motion for Reconsideration* (ECF No. 57) is **DENIED**.

IT IS SO ORDERED.

Dated: April 27, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge