**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Marlena Barton,
                          Plaintiff,

v.

Sunbeam Products, Inc., *et al.*,
                          Defendants.

Case No. 2:25-cv-00156-CDS-MDC

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 64)**

The Court has reviewed the Plaintiff's *Motion for Sanctions* ("Motion") (ECF No. 64) and **DENIES** it for the reasons below.

I.      **BACKGROUND**

This is a products liability action.  Plaintiff alleges she was injured when she use a heating pad manufactured by defendant Sunbeam Products, Inc. ("Sunbeam"), which Plaintiff's daughter purchased at defendant Walmart, Inc. ("Walmart).  *See ECF No. 1-1*.  Plaintiff has asserted causes of action against Walmart and Sunbeam for strict products liability under theories of defective design, defective manufacturing, and inadequate warnings as well as a claim for negligence.  *Id.*

Sunbeam timely disclosed two initial experts and their reports, Drs. Scott Wright and Young Bui, and timely disclosed Dr. Robert Troell and his report as rebuttal expert to Plaintiff's expert.  Walmart intends to rely on those experts and their reports.  Walmart did not separately disclose those experts and their reports at the relevant expert disclosure deadlines.  Instead, in its initial disclosures Walmart stated that it "reserves the right to call any and all of the individuals identified through written discovery or deposition testimony in this case to testify at trial[.]"  *See ECF No. 72*-5 at 5.  After the close of discovery, Walmart supplemented its initial disclosures to specifically identify reliance on the opinions and testimony of Drs. Wright, Bui, and Troell.  *See ECF No. 72-12* at 5-6.

Plaintiff argues that Walmart failed, in bad faith, to disclose experts Drs. Wright, Bui, and Troell and therefore, moves for terminating and a litany of other sanctions.

1

## II.    GENERAL LEGAL PRINCIPLES

Federal Rule of Civil Procedure 26 requires parties to disclose experts witness and their reports at the times and in the sequence directed by the court.  Fed. R. Civ. P. 26(a)(2)(A)-(D).  A main objective of timely expert disclosures is "to eliminate unfair surprise to the opposing party…." *Niemeyer v. Ford Motor Co.,* No. 2:09-CV-02091-JCM, 2012 WL 135702, at *5 (D. Nev. January 17, 2012) (citations omitted) (internal quotation marks omitted).  Under Federal Rule of Civil Procedure 37(c)(1), a party that fails to comply with the rules is not permitted to use that information "unless the failure was substantially justified or harmless." *Id.*  The party facing sanctions has the burden to establish substantial justification or harmlessness.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1107 (9th Cir. 2001) ("Deckers asserts that the burden of proving harm is on the party seeking sanctions; we disagree. Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").  Such burden requires consideration of: (1) the prejudice or surprise to the party against whom the evidence is offered, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) bad faith or willfulness in not timely disclosing the evidence. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022).  District courts have "particularly wide latitude" in exercising their discretion whether to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd.*, 259 F.3d at 1106.  The district court also has discretion whether to exclude expert witnesses who have not been timely disclosed in compliance with the court's scheduling order. *Niemeyer*, 2012 WL 135702, at *6 (citing *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir.2005)).

## III.    ANALYSIS

The Court denies Plaintiff's motion because defendant Walmart has met its burden and shown substantial justification or harmlessness.  First, Walmart has shown that Plaintiff is neither prejudiced nor surprised because Walmart disclosed that it intends to rely on Sunbeam's timely disclosed experts Drs. Wright, Bui, and Troell.  Plaintiff has known these expert opinions and reports since they were timely disclosed by Sunbeam.  Plaintiff does not identify any opinions by Drs. Wright, Bui, and Troell

that Walmart intends to offer that are different from the opinions and reports that Sunbeam already disclosed or their deposition testimony.

Walmart has also shown that no curative measures are necessary. Plaintiff timely obtained the expert reports of Drs. Wright, Bui, and Troell; deposed those experts regarding their reports and opinions; and disclosed rebuttal experts and reports in response. *See ECF No. 72*. Plaintiff does not dispute these material facts. *Compare ECF No. 72*, *with ECF No. 75*. Instead, Plaintiff argues that it is prejudice because it did depose Drs. Wright, Bui, and Troell specifically about Walmart's conduct. *ECF No. 64* at 4. Plaintiff's argument is not persuasive. Plaintiff does not identify any specific, relevant conduct by Walmart that it could have deposed Drs. Wright, Bui, and Troell about. Walmart argues that its only conduct at issue is whether it sold the heating pad which allegedly injured Plaintiff – which conduct is not disputed. Plaintiff does not refute Walmart's supported claims that it did not manufacture the heating pad at issue or have any input into the heating pad's design, manufacture, warnings or the accompanying instructions provided to consumers. *Compare ECF No. 72*, *with ECF No. 75*. Because curative measures are not necessary, there is no likelihood of disruption of trial by Walmart's reliance on the opinions and testimony of Drs. Wright, Bui, and Troell.

Finally, there is no evidence of bad faith or willfulness. As Walmart points out, the circumstances here are not unique and numerous other authorities, including authorities from this Court, have found that it is not necessary for co-defendants to duplicate or cross-disclosure the same experts they both intend to rely on. Thus, Walmart points out that in *Niemeyer v. Ford Motor Co.*, the Court held that Rule 26(a)(2)(A) does not require defendants to repeat and cross-designate experts when the Plaintiff asserts the same claims and theory of liability against the defendants:

> Where, as here, the same claims and theory of liability are asserted against both Defendants, the court finds that the objectives of Rule 26(a)(2)(A) do not mandate that Hertz should have cross-designated Ford's experts before the expiration of the discovery plan and scheduling order deadlines for disclosing experts

*Id.*, 2012 WL 135702, at *7. Walmart provided other persuasive authorities reaching similar conclusions. *See ECF No. 72* at 6-7 (citing *DG&G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826-27 (8th Cir. 2009) (finding that defendants are not prohibited from relying on the reports of experts disclosed by a settling co-defendant in summary judgment briefing); *In re Capacitors Antitrust Litig.*, No. 14-CV-03264-JD, 2020 WL 912700, at *2 (N.D. Cal. February 25, 2020) (non-settling defendants may rely on the expert disclosed the co-defendants who settled out of the action because such expert "was identified in all meaningful respects for Rule 26 and Rule 37(c) purposes"); *Bliss v. BNSF Ry. Co.*, No. 4:12CV3019, 2013 WL 5570231, at *3 (D. Neb. October 9, 2013) (citing Fed. R. Civ. P. 1) (stating that it does not matter which party disclosed an expert and that once the expert and report are made, "the purpose of requiring expert disclosures is met. Requiring both parties to disclose the expert and the expert's report if both parties intend to offer that expert's testimony would sacrifice 'just, speedy, and inexpensive' case progression in favor of redundancy."); *De Lage Landen Operational Servs., LLC v. Third Pillar Sys., Inc.,* 851 F. Supp. 2d 850, 853 (E.D. Pa. 2012) (holding that one party may use the deposition of another party's expert at trial because "those opinions do not belong to one party or another but rather are available for all parties to use at trial") (internal citations omitted); *Penn Nat'l Ins. Co. v. HNI Corp.*, 245 F.R.D. 190, 193 (M.D. Pa. 2007) ("The practical effect of a[n] [expert] designation is . . . to bring an expert and his report within the universe of material that is discoverable by all parties and, generally, admissible at trial."); *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 245 (N.D. Iowa 1996) ("[O]nce an expert is designated, the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties.")). Plaintiff did not address any of the foregoing authorities.

Walmart further showed that Plaintiff also relies on Sunbeam's expert, Dr. Wright, to support her claims (ECF No. 72 at 10) and thus engaged in the same conduct for which she seeks sanctions against Walmart (ECF No. 64 at 4) ("Permitting Walmart to rely on another party's experts after the close of expert discovery would create precisely the type of trial-by-ambush the federal disclosure rules were

4

designed to prevent….").  Plaintiff did not dispute her reliance on Dr. Wright.  *See ECF No. 75*.  Thus, it would also be inequitable to conclude that Walmart, but not Plaintiff, engaged in bad faith for simply relying on Dr. Wright or the other disclosed experts.  *See Wilson v. United States*, No. 2:18-CV-01241-JCM-NJK, 2021 WL 9374893, at *4 (D. Nev. March 16, 2021) (whether to impose sanctions under Rule 37 is "an equitable analysis entrusted to the Court's discretion….").[1]

## IV.    CONCLUSION & ORDER

In sum, Plaintiff's Motion is primarily based on *ad hominem* arguments lacking specificity or substance and Walmart has established substantial justification and harmlessness.  For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's *Motion for Sanctions* (ECF No. 64) is **DENIED**.

IT IS SO ORDERED.

Dated: July 9, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

---

[1] Plaintiff states that Walmart also failed to disclose experts in *Jones v. CVS Pharmacy, Inc. et al.*, 2:25-cv-00150 RFB-EJY (D. Nev. 2025), to suggest bad faith and willfulness.  However, Plaintiff failed to disclose whether Walmart was sanctioned in that matter for such conduct or otherwise actually found to have engaged in bad faith for failing to disclose an expert. The Court cursorily reviewed the *Jones v. CVS Pharmacy, Inc.* electronic docket and found no evidence or suggestion that Walmart was sanctioned or found to have engaged in bad faith for failing to make an expert disclosure.